## Commonwealth v. Weinblatt

*Richard C. Brittain, District Attorney,* for Commonwealth.
*Thomas Arthur James, Jr.,* for defendant.

MYERS, *P.J.,* March 10, 1977 — Defendant was found guilty of disorderly conduct, a summary offense, by a district justice of the peace. The district justice sentenced defendant to a fine of $25 plus costs, from which defendant filed an appeal.

Hearing de novo was held by the court, and the matter is now before us for disposition.

According to the Act of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §5503, a person is guilty of disorderly conduct if that person recklessly causes a risk of public annoyance, inconvenience, or alarm by creating ". . . a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. §5503(a)(4). In the instant case, we conclude that all of the requisite elements of the offense are present.

Defendant argues that she was not drunk, and that she was lying on the sidewalk because her

boyfriend had knocked her out by punching her. However, the absence of apparent physical injury, and defendant's own admission that she had consumed "five or six" cans of beer, belie defendant's explanation as to the cause of her stuporous condition. Even if defendant's boyfriend did in fact strike her, we doubt whether the blow was more than an incidental factor in contributing to defendant's semiconscious state.

Hence, we believe that the physically offensive condition, i.e., defendant's lying on the sidewalk in a stuporous condition, was created by defendant's own voluntary acts. Further, we believe that defendant acted recklessly, by drinking beyond her capacity and by then lying down on the sidewalk. See 18 Pa.C.S.A. §302(b)(4). Finally, we note that defendant's reckless behavior did in fact cause public inconvenience and alarm, in that she blocked a public sidewalk and caused a large crowd to gather.

Under the circumstances, we have no alternative but to find defendant guilty.

## ORDER

And now, March 10, 1977, after hearing de novo held before this court, we adjudge defendant guilty of disorderly conduct, a summary offense. The sentence of the court is that she shall pay the costs of prosecution, and a fine of $25 to the Commonwealth of Pennsylvania for the use of the County of Montour, within 90 days from this date. Defendant shall be credited with any fines or costs paid pursuant to these charges in any previous proceeding.